UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| HARRY MADDOX III,<br><br>  Plaintiff,<br><br>v.<br><br>MARY McPHETRES, Dakota CTY Jail,<br>DANIEL J. SCHEUERMANN, Dakota CTY<br>Jail, PAT ADAIR, Warden St. Cloud Prison<br>+ Property Intake Officer's,<br><br>  Defendants. | Civil No. 09-2440 (ADM/AJB)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a Minnesota state prison inmate, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) The case has been assigned to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A.

**I. BACKGROUND**

Plaintiff's complaint shows that on November 25, 2008, he was sentenced to 21 months in state prison for an unidentified criminal offense. For the next eight days, Plaintiff

---

[1] Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $43.38, as required by 28 U.S.C. § 1915(b)(1). (Order dated September 21, 2009; [Docket No. 3].) Plaintiff has now paid his initial partial filing fee, (Docket No. 4), so this case is now ripe for § 1915A screening.

was held at the Dakota County Jail in Hastings, Minnesota. On December 2, 2008, he was transferred to the Minnesota Correctional Facility at St. Cloud, Minnesota, ("MCF-SCL").

When Plaintiff first arrived at MCF-SCL, he was taken to an "intake" area. While Plaintiff was in the intake area, an unidentified "transport officer" received a call from someone at the Dakota County Jail. The transport officer was informed that Plaintiff had been given a check upon his departure from the Jail, but the check was made out for more than the correct amount. The transport officer was told to recover the erroneous check, and advise Plaintiff that he would be issued a new check for the correct amount.

When Plaintiff was informed about the erroneous check, he indicated that he wanted to keep it anyhow. But, over Plaintiff's objections, an unnamed intake official at MCF-SCL allegedly returned the erroneous check to the Dakota County Jail.

Plaintiff does not deny that the check at issue was made out for the wrong amount, and, in fact, he refers to the amount of the check as "their mistake." (The Court further notes that Plaintiff has conspicuously failed to allege that he did not subsequently receive payment from the Dakota County Jail.) Nevertheless, Plaintiff is now claiming that his federal constitutional rights were violated when the erroneous check was returned to the Dakota County Jail.

Plaintiff is attempting to sue three named Defendants: (1) Pat Adair, who is identified as the Warden at MCF-SCL; (2) Mary McPhetres, who is identified as "Dakota Cty, Jail Administration;" and (3) Daniel J. Scheuermann, who is identified as "Captain, Dakota Cty, Jail admin." Although the amount of the erroneous check was only $4853.85, Plaintiff is asking for a judgment in the amount of $50,000.00 against each of the three named Defendants.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his complaint must undergo preliminary screening pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"), requires federal courts to review the pleadings in every prisoner lawsuit against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

To state an actionable civil rights claim, as Plaintiff is attempting to do here, a complaint must allege facts showing that each named defendant was personally involved in some alleged violation of the claimant's federal constitutional rights. Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (to state an actionable civil rights claim, a complaint must

3

describe what, specifically, each named defendant did, or failed to do, that allegedly violated the claimant's constitutional rights); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing). See also Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability in a civil rights action "requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same).

Here, Plaintiff has not pleaded an actionable civil rights claim against any of the named Defendants, because his complaint does not describe anything that any of the Defendants personally did, (or failed to do), that violated his rights under the federal Constitution, or otherwise. In fact, the Court finds no reference or allusion to any of the named Defendants in any of the substantive allegations of Plaintiff's complaint.[2]

Furthermore, the facts alleged in Plaintiff's complaint do not show that anyone violated his rights under the federal Constitution, or otherwise. Plaintiff's complaint indicates that the amount of the check at issue was a "mistake." Nothing in Plaintiff's complaint suggests that he had any legal right to retain the erroneous amount of the payment provided by the check. Therefore, depriving Plaintiff of the erroneous check did not deprive him of any legal rights under the Constitution or otherwise.

---

[2] Plaintiff may believe that the named Defendants should be held vicariously liable for allegedly unconstitutional acts or omissions by their subordinates at MCF-SCL and the Dakota County Jail. However, it is well-settled that government officials cannot be held liable under the doctrine of respondeat superior in civil rights cases. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). See also Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (in civil rights case, "[d]efendants are liable for their personal acts only; [t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability").

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint does not state any cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

The Court will also recommend that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[3] To date, he has paid only $43.38, so he still owes $306.62. Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, it will be recommended that the dismissal of this action count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $306.62, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: November 20, 2009

            s/ Arthur J. Boylan
            ARTHUR J. BOYLAN
            United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 4, 2009.