UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harry Maddox III,

    Plaintiff,

v.

Mary McPhetres, Dakota County
Jail, Daniel J. Scheuermann, Dakota
County Jail, Pat Adair, Warden,
St. Cloud Prison & Property Intake
Officer,

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-2440 ADM/AJB

---

Harry Maddox III,

    Plaintiff,

v.

John King, Warden Stillwater
Prison, Minnesota; Michael Jonsson,
Officer, Prison; Dara Hoffman,
Officer, Prison; and William Wonders,
Officer, Sgt.,

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-2859 ADM/AJB

---

Harry Maddox III, pro se.

---

## I. INTRODUCTION

These two cases are before the undersigned United States District Judge for a ruling on

Plaintiff Harry Maddox III's ("Plaintiff") Objections [Case No. 09-2440, Docket No. 6] to Magistrate Judge Arthur J. Boylan's November 20, 2009 Report & Recommendation ("R&R") [Case No. 09-2440, Docket No. 5] and Plaintiff's Objections [Case No. 09-2859, Docket No. 8] to Judge Boylan's November 23, 2009 Order [Case No. 09-2859, Docket No. 6]. Judge Boylan recommended denying Plaintiff's Motion for Leave to Proceed in forma pauperis [Case No. 09-2440, Docket No. 2] and dismissing Plaintiff's Complaint [Case No. 09-2440, Docket No. 1] pursuant to 28 U.S.C. § 1915A(b). Judge Boylan also denied Plaintiff's Motion to Amend [Case No. 09-2859, Docket No. 5]. For the reasons stated below, Plaintiff's Objections are overruled, the R&R is adopted, and the Order is affirmed. The procedural and factual background described in the R&R and Order are incorporated by reference.

## II. DISCUSSION

The first case is Plaintiff's claim under 42 U.S.C. § 1983 that Pat Adair ("Adair"), Mary McPhetres, and Daniel Scheuermann (collectively "Defendants") violated Plaintiff's federal constitutional rights by confiscating his personal property without affording him due process of law. Under the Prison Litigation Reform Act of 1995 ("PLRA"), federal courts are required to "screen" pleadings in all civil actions brought by prisoners against governmental entities or its officer or employees. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims, or dismiss the complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Plaintiff's Objections fail to cure the defects in his original Complaint or establish any error was made in the R&R. As Judge Boylan correctly concluded, Plaintiff has failed to state an actionable § 1983 claim because the complaint does not identify any violation of Plaintiff's

2

federal constitutional rights. R&R at 3-4. Plaintiff asserts that Defendants took a check that belonged to him. He claims that he requested the check be returned and Defendants refused. The Complaint does not contain any specific facts showing that any of the named Defendants were personally liable for improperly seizing and confiscating the check. Rather, Plaintiff alleges that Adair was *negligent* in permitting another prison official to confiscate Plaintiff's check. This allegation does not set forth facts tending to show that these Defendants were personally involved in depriving Plaintiff of his constitutional rights, especially where, as here, Plaintiff admitted the check was issued erroneously. Accordingly, Defendants cannot be held liable for any civil rights violation.

Additionally, because Plaintiff has not stated a viable claim for relief in his Complaint, his Motion for Leave to Proceed in forma pauperis is denied. See 28 U.S.C. § 1915(e)(2)(b)(ii). Plaintiff remains liable for the unpaid balance of his filing fee, in the amount of $306.62, to be deducted from his institutional trust account and paid to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, dismissal of this action counts as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915 (g) because it "fails to state a claim upon which relief may be granted[.]"

In the second case, Plaintiff's motion seeks leave to file an amended complaint. Judge Boylan denied Plaintiff's motion to amend because he failed to comply with Local Rule 15.1 and because "[h]is motion to amend is accompanied by a disorganized collection of administrative records and handwritten statements, but those submissions do not remotely resemble a complete pleading." Order at 1-2. As Judge Boylan explained, if Plaintiff intends to pursue this action, he must file an amended complaint, because his original complaint "does not provide a clear, well-

3

organized explanation of what, <u>specifically</u>, each Defendant allegedly did (or failed to do) that purportedly entitles Plaintiff to legal redress against that Defendant." Id. at 2.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. In *Harry Maddox III v. McPhetres, et al.*, No. 09-2440, ADM/AJB:

    A. Judge Boylan's R&R [Docket No. 5] is **ADOPTED**;

    B. Plaintiff's Objections [Case No. 09-2440, Docket No. 6] are **OVERRULED**;

    C. Plaintiff's Complaint [Case No. 09-2440, Docket No. 1] is **DISMISSED;**

    D. Plaintiff's Motion for Leave to Proceed in forma pauperis [Case No. 09-2440, Docket No. 2] is **DENIED**;

    E. Plaintiff is required to pay the remaining $306.62 filing fee in accordance with 28 U.S.C. § 1915(b)(2); and

    F. The dismissal of this actions counts as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915 (g).

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

2. In *Harry Maddox III v. John King, et al.*, No. 09-2859 ADM/AJB:

    A. Judge Boylan's Order [Docket No. 6] is **AFFIRMED**;

    B. Plaintiff's Objections [Docket No. 8] are **OVERRULED**;

    C. Plaintiff shall file an Amended Complaint that satisfies all of the specific

pleading requirements prescribed by Judge Boylan's Order by January 29, 2010, failing which the action will be dismissed.

BY THE COURT:

　　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 15, 2010.